CHAVEZ & GERTLER LLP
Jonathan E. Gertler (Bar No. 111531)
Dan L. Gildor (Bar No. 223027)
42 Miller Avenue
Mill Valley, California 94941
Tel:    (415) 381-5599
Fax:    (415) 381-5572

ANDRUS ANDERSON LLP
Lori E. Andrus (Bar No. 205816)
155 Montgomery Street
San Francisco, CA 94104
Tel:    (415) 986-1400
Fax:    (415) 986-1474

*Attorneys for Plaintiff MARIE MINNS
the Proposed Class and the Aggrieved Employees*

Rhonda L. Nelson (SBN 116043)
Joel L. Halverson (SBN 174649)
Harold R. Jones (SBN 209266)
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.:   (415) 398-3344
Fax:    (415) 956-0439

*Attorneys for Defendant Advanced
Clinical Employment Staffing, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINNS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCED CLINICAL EMPLOYMENT STAFFING LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:13-CV-03249 SI<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Judge:  Hon. Susan Illston |

15362.0003/2940216.7

Discovery in this litigation may involve production of personal, private information, corporate trade secrets or other confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled to protection as described herein.  The parties further acknowledge, as set forth in Section 12, *infra*, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## DEFINITION OF "CONFIDENTIAL INFORMATION"

1.      For the purposes of this Order, "Confidential Information" means:

(a)     Information subject to federal or state privacy rights, including private consumer and patient health information; and

(b)     Information, materials, and/or other documents containing or subject to contractual obligations binding Advanced Clinical Employment Staffing, LLC to maintain the confidentiality of such matters.

2.      For the purposes of this Order, "Highly Confidential—Attorneys' Eyes Only Information" means:

(a)     Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result competitive harm to the disclosing party;

(b)     Information that constitutes a "trade secret" in accordance with the Uniform Trade Secrets Act, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

i.      Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

ii.     Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

1

15362.0003/2940216.7

(c)     Notwithstanding subparagraph 2(a) and (b) above, it shall also include (1) services design and specifications, (ii) marketing strategies, (iii) actual and projected sales, (iv) research and development activities, (v) production and service methods and costs, (vi) proprietary computer software, (vii) inventions, (viii) discoveries, (ix) formulas and trade secrets as that term is defined in Section 8-27-2 of the Alabama Code.

## DESIGNATING PROTECTED MATERIAL

3.     Each party or non-party that designates information or items for protection under this Order ("Designating Party") must take care to limit any such designation to information that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.

4.     If documents being produced or written discovery responses being served contain Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, counsel for the Designating Party may identify such information or documents as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information by placing or affixing on the first page of the material and on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

## DEPOSITION TESTIMONY

5.     If Confidential Information or Highly Confidential—Attorneys' Eyes Only Information is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, counsel for the Designating Party may identify such information or documents as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information by informing counsel for the other parties of the claim of confidentiality in writing within 30 days after having received a copy of the deposition transcript.  The court reporter is relieved of any obligation to separately bind the transcript pages and/or stamp each page as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."  All testimony designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall be treated as Confidential

1  Information or Highly Confidential—Attorneys' Eyes Only Information, pursuant to the terms

2  of this Order, except as otherwise agreed in writing by each party claiming confidentiality or as

3  otherwise ordered by the Court.

4  **ACCESS AND USE OF CONFIDENTIAL INFORMATION AND HIGHLY**

5  **CONFIDENTIAL—ATTORNEYS' EYES ONLY**

6  6.      Neither Confidential Information nor Highly Confidential—Attorneys' Eyes

7  Only Information shall not be used or shown, disseminated, copied, or in any way

8  communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of their

9  representatives, agents, expert witnesses, or consultants, to anyone for any purpose whatsoever,

10  other than as reasonably necessary by the parties and their counsel for the preparation and trial

11  of this action.  Access to Confidential Information and Highly Confidential—Attorneys' Eyes

12  Only Information shall be limited to those persons designated as "Qualified Persons" in

13  paragraphs 7 and 8 below.

14  7.      Confidential Information may be disclosed only to the following persons

15  (hereinafter referred to as "Qualified Persons"):

16         a.      Marie Minns;

17         b.      Advanced Clinical Employment Staffing, LLC, including its officers,

18  directors, employees, and agents;

19         c.      counsel of record for the parties and employees and agents of such

20  counsel who are assisting such counsel in the preparation or trial of this action;

21         d.      the Court and the Court's employees and staff in this case, in accordance

22  with the procedures regarding filing under seal as described herein and as set forth in

23  Northern District of California Civil Local Rule 79-5;

24         e.      employees of outside copying, printing, binding, litigation support,

25  mediators or computer input services;

26         f.      experts and consultants retained by the parties whose assistance is

27  necessary for the litigation of this action;

28

3

[Proposed] Stipulated Protective Order

g.      any person who is an author, addressee or intended recipient of a document containing Confidential Information, or who is identified in the document as the original source of the Confidential Information;

h.      deposition witnesses testifying under oath, where examining counsel has a good faith basis for believing that the deponent has information or testimony pertinent to the Confidential Information;

i.       putative class members where examining counsel has a good faith basis for believing that the witness may have information or testimony pertinent to the Confidential Information;

j.      any other person as to whom the party that designated the document or information as Confidential has consented to disclosure in advance; and

k.      by Order of the Court.

8.      HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information, unless otherwise ordered by the court or permitted in writing by the Designating Party, may be disclosed only to the following Qualified Persons:

(a)     the Receiving Party's counsel of record and employees and agents of said counsel who are assisting in the preparation for trial of this action, to whom it is reasonably necessary to disclose;

(b)     the Court and the Court's employees and staff in this case, in accordance with the procedures regarding filing under seal as described herein and as set forth in Northern District of California Civil Local Rule 79-5;

(c)     employees of outside copying, printing, binding, litigation support, mediators or computer input services;

(d)     experts and consultants retained by the parties whose assistance is necessary for the litigation of this action;

(e)     any person who is an author, addressee or intended recipient of a document containing Highly Confidential—Attorneys' Eyes Only Information, or who is

4

[Proposed] Stipulated Protective Order

1  identified in the document as the original source of the Highly Confidential—Attorneys'

2  Eyes Only Information;

3      (f)      deposition witnesses testifying under oath, where examining counsel has

4  a good faith basis for believing that the deponent has information or testimony pertinent

5  to the Highly Confidential—Attorneys' Eyes Only Information;

6      (g)      Unless otherwise ordered by the Court or permitted in writing by the

7  Designating Party, information or items designated Highly Confidential—Attorneys'

8  Eyes Only may not be disclosed to Marie Minns or any putative class members.

9      9.      Prior to disclosure of any material designated "Confidential" or "Highly

10  Confidential—Attorneys' Eyes Only" to any Qualified Person described in paragraph 7

11  subsections (a) (f)-(i) or paragraphs 8 subsections (d)-(f), such Qualified Person shall be given a

12  copy of this Stipulated Protective Order, and shall agree in writing, in the form attached hereto

13  as Exhibit A or B, whichever applies, to be bound by the terms of this Order and to be subject to

14  the jurisdiction of this Court for the purposes of any proceeding relating to the performance

15  under, compliance with, or violation of this Order.  Counsel for each party shall maintain a list

16  of all Qualified Persons to whom they or their client have provided any Confidential

17  Information or Highly Confidential—Attorneys' Eyes Only Information, and that list shall be

18  available for inspection by the Court.  In addition, each of the parties and their attorneys

19  expressly stipulates to be subject to the personal jurisdiction of this Court for purposes of any

20  proceeding brought by a Party to this action to enforce this Order.

21      10.      Except to the extent otherwise permitted by this Order, every Qualified Person

22  provided copies of or access to Confidential Information or Highly Confidential—Attorneys'

23  Eyes Only Information pursuant to this Order shall keep all such materials and information, and

24  any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive

25  possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of

26  the Confidential Information or Highly Confidential—Attorneys' Eyes Only Information or any

27  portion thereof as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," shall take

28  all necessary and prudent measures to maintain the confidentiality of all such materials or

1    information, and shall not disseminate such Confidential Information or Highly Confidential—

2    Attorneys' Eyes Only Information.

3          11.    If any counsel of record distributes copies of material containing Confidential

4    Information or Highly Confidential—Attorneys' Eyes Only Information to one or more

5    Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions

6    of such material, shall be returned to that counsel of record or destroyed at the completion of the

7    Qualified Person's consultation or representation in this case.  Counsel of record shall, upon

8    request by opposing counsel or the Court, execute an affidavit stating that to the best of

9    counsel's knowledge all materials containing Confidential Information or Highly Confidential—

10   Attorneys' Eyes Only Information, and all copies, notes, extracts, summaries, or descriptions of

11   any such material, have been returned or destroyed as required.  If any counsel of record

12   distributes copies of material containing Confidential Information or Highly Confidential—

13   Attorneys' Eyes Only Information to one or more Qualified Persons, all such materials, and all

14   copies, notes, extracts, summaries, or descriptions of such material, shall be either destroyed or

15   returned to that counsel of record at the completion of the Qualified Person's consultation or

16   representation in this case.  If a Qualified Person destroys such material, rather than returning it

17   to that counsel of record, the Qualified Person shall promptly provide to that counsel of record

18   an affidavit stating that all materials containing Confidential Information or Highly

19   Confidential—Attorneys' Eyes Only Information, and all copies, notes, extracts, summaries, or

20   descriptions of any such material, have been destroyed.  That counsel of record shall, upon

21   request by opposing counsel or the Court, provide to opposing counsel (a) an affidavit stating

22   that all materials containing Confidential Information or Highly Confidential—Attorneys' Eyes

23   Only Information, and all copies, notes, extracts, summaries, or descriptions of any such

24   material, have, to the best of that counsel of record's knowledge, been returned or destroyed as

25   required, and (b) all affidavits of Qualified Persons who provided that counsel of record with

26   affidavits pursuant to the provisions of this paragraph.

27         12.    Nothing in this Order shall prevent a party from using at trial any Confidential

28   Information or or Highly Confidential—Attorneys' Eyes Only Information.  Absent an order by

[Proposed] Stipulated Protective Order

1  the Court, such use shall not expand the persons to whom such documents or information may

2  be disclosed pursuant to this Order.

3         13.     Prior to the use of Confidential Information or Highly Confidential—Attorneys'

4  Eyes Only Information at trial, the parties will discuss with the Court appropriate procedures to

5  for the use of Confidential Information or Highly Confidential—Attorneys' Eyes Only

6  Information.

7                 **DISCLOSURE OF FILING CONFIDENTIAL INFORMATION**

8         14.     If a party wishes to file with the Court a document designated as "Confidential"

9  or "Highly Confidential—Attorneys' Eyes Only", or if a party wishes to refer to information in

10  any papers filed with the Court that has been designated as "Confidential" or "Highly

11  Confidential—Attorneys' Eyes Only," the party submitting the materials shall comply with the

12  procedures set forth in Civil L.R. 79-5.

13            (a)     Notwithstanding Section 14 above, if Receiving Party intends to file any

14  Confidential Information with the Court, it may, at its option, to avoid the burdens of

15  Civil L.R. 79-5(d), provide the Designating Party no later than five calendar days prior

16  to date it intends to file its motion or application, a written list of all the Confidential

17  Information or Highly Confidential—Attorneys' Eyes Only Information it intends to file

18  with Court.

19            (b)     The Designating Party shall then notify the Receiving Party in writing

20  two calendar days prior to the filing date if it intends to file a motion or application to

21  seal the records pursuant to Civil L.R. 79-5.

22            (c)     If Designating Party fails timely to notify the Receiving Party pursuant to

23  Section 12(b) above, the Receiving Party has no obligation to follow the procedures set

24  forth in Civil L.R. 79-5, to preserve the Designating Party's right to file a motion or

25  application with the Court to have the records sealed.

26        Any affected party or non-party who wishes to have the document sealed may then

27  follow the appropriate procedures set forth in Civil Local Rule 79-5.

28

[Proposed] Stipulated Protective Order

15362.0003/2940216.7

**DURATION AND FINAL DISPOSITION**

15.     Promptly after the termination of this action by entry of a final judgment or order of dismissal, all materials containing Confidential Information or Highly Confidential—Attorneys' Eyes Only Information shall be returned to counsel for the party who produced those materials or shall be destroyed.  Notwithstanding this provision, counsel of record may retain one copy of each deposition transcript designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," as well as an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain materials designated "Confidential."  Any such archival copies that contain or constitute Confidential Information or Highly Confidential—Attorneys' Eyes Only Information remain subject to this Protective Order.  If material containing Confidential Information or Highly Confidential—Attorneys' Eyes Only Information is destroyed, rather than returned, counsel of record shall promptly provide to opposing counsel of record written confirmation that materials containing such Confidential Information or Highly Confidential—Attorneys' Eyes Only Information have been destroyed consistent with this Order.

16.     After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding.  The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the California Rules of Professional Conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

17.     This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control.

**RIGHT TO ASSERT OTHER OBJECTIONS**

18.     This Order does not constitute a waiver or limitation of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets

8

or other confidential research, development, or commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.  By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes or to the admissibility at trial of any such document or of any information contained in any such document.

19.     This Order does not constitute a waiver or limitation of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, mediation privilege or other applicable privilege, including the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

20.     The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection.

Nothing in this Order shall limit any party's right to disclose to any person, or use for any purpose, its own Confidential Information and documents.

## INADVERTENT FAILURES TO DESIGNATE

21.     If a party inadvertently produces Confidential Information or Highly Confidential—Attorneys' Eyes Only Information without the required "Confidential" or "Highly Confidential—Attorneys' Eyes Only" legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the Receiving Party in writing of the inadvertent omission and the specific material at issue.  Upon receipt of such notice, the Receiving Party shall treat the material identified in the notice as Confidential or Highly Confidential—Attorneys' Eyes Only, whichever applies, until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material.  A party shall not be deemed to have waived any right to designate material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by allowing inspection of such material prior to a designation of such material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" or by inadvertently

9

failing to mark a document as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" prior to its disclosure.

22.     If a party contends that any document has been erroneously or improperly designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only," it shall nevertheless treat the document as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information until either (a) that party obtains from the Designating Party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.

23.     A party may challenge the designation of a document or other material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" only as follows:

a.     If a party believes that material designated by another as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the Designating Party written notice of that disagreement, stating the reason(s) for the challenge.  During the 10-day period following service of the written challenge on the Designating Party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

b.     If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the Designating Party shall have 20 days from the receipt of the written challenge notice to apply to the Court for an order designating the material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only".  The Designating Party bears the burden of establishing that the material is entitled to protection as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.  Any material that is designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" that is the subject of a challenge shall remain subject to this Protective Order until the

[Proposed] Stipulated Protective Order

Court rules on the Designating Party's motion or, if no motion is made, until the time for the Designating Party to bring a motion has expired.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

24.     Upon receipt of a subpoena or order requiring production of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, the Receiving Party must immediately inform in writing the person who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the person in the other action that caused the subpoena or order to issue.

25.     The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential—Attorneys' Eyes Only Information and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26.     If counsel for the Receiving Party learns that, by inadvertence or otherwise, he or she has disclosed Confidential Information or Highly Confidential—Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Protective Order, than counsel for Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures; (b) use his or her best efforts to retrieve all copies of the Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, including any copies or reproduction, excerpts, summaries or other documents or media that paraphrase, excerpt or contain the Confidential Information or Highly Confidential—Attorneys' Eyes Only Information; (c) inform the person or persons to whom unauthorized disclosures were made of

1   all the terms of this Protective Order; and (d) request such person or persons to execute the

2   Agreement To Be Bound By Protective Order.

3

4   **IT IS SO STIPULATED.**

5

6   DATED:                          By:

7                                   CHAVEZ & GERTLER LLP
8                                   Jonathan E. Gertler (Bar No.
                                    111531)
9                                   Dan L. Gildor (Bar No. 223027)
                                    42 Miller Avenue
10                                  Mill Valley, California 94941
                                    Tel:    (415) 381-5599
11                                  Fax:    (415) 381-5572

12                                  ANDRUS ANDERSON LLP
                                    Lori E. Andrus (SBN 205816)
13                                  Jennie Lee Anderson (SBN 203586)
                                    155 Montgomery Street, Suite 900
14                                  San Francisco, CA 94104
                                    Telephone: (415) 986-1400
15                                  Facsimile: (415) 986-1474
                                    lori@andrusanderson.com
16                                  jennie@andrusanderson.com

17                                  *Attorneys for Plaintiff MARIE
                                    MINNS, the Proposed Class and
18                                  the Aggrieved Employees*

19                                  By:

20

21   DATED:                          Rhonda L. Nelson (SBN 116043)
                                    Joel L. Halverson (SBN 174649)
22                                  Harold R. Jones (SBN 209266)
                                    SEVERSON & WERSON
23                                  One Embarcadero Center, Suite 2600
                                    San Francisco, CA 94111
24                                  Tel.:   (415) 398-3344
                                    Fax:    (415) 956-0439

25                                  *Attorneys for Defendant Advanced
                                    Clinical Employment Staffing, LLC*
26   //

27   //

28

                                    12

1    all the terms of this Protective Order; and (d) request such person or persons to execute the

2    Agreement To Be Bound By Protective Order.

3

4    **IT IS SO STIPULATED.**

5

6    DATED:                         By: _____

7
                                    CHAVEZ & GERTLER LLP
8                                   Jonathan E. Gertler (Bar No.
                                    111531)
9                                   Dan L. Gildor (Bar No. 223027)
                                    42 Miller Avenue
10                                  Mill Valley, California 94941
                                    Tel:    (415) 381-5599
11                                  Fax:    (415) 381-5572

12                                  ANDRUS ANDERSON LLP
                                    Lori E. Andrus (SBN 205816)
13                                  Jennie Lee Anderson (SBN 203586)
                                    155 Montgomery Street, Suite 900
14                                  San Francisco, CA 94104
                                    Telephone: (415) 986-1400
15                                  Facsimile: (415) 986-1474
                                    lori@andrusanderson.com
16                                  jennie@andrusanderson.com

17                                  *Attorneys for Plaintiff MARIE*
                                    *MINNS, the Proposed Class and*
18                                  *the Aggrieved Employees*

19   12/16/13                       By: _____

20

21   DATED:                         Rhonda L. Nelson (SBN 116043)
                                    Joel L. Halverson (SBN 174649)
22                                  Harold R. Jones (SBN 209266)
                                    SEVERSON & WERSON
23                                  One Embarcadero Center, Suite 2600
                                    San Francisco, CA 94111
24                                  Tel.:   (415) 398-3344
                                    Fax:    (415) 956-0439
25
                                    *Attorneys for Defendant Advanced*
26   //                             *Clinical Employment Staffing, LLC*

27   //

28

                                         12
                        [Proposed] Stipulated Protective Order

1    **IT IS SO ORDERED.**

2    Dated:  this 17th day of _____Dec_____, 2013

3                                                                          Hon. Susan Illston
                                                                           United States District Court Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Stipulated Protective Order

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIE MINNS, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>     vs.<br><br>ADVANCED CLINICAL EMPLOYMENT STAFFING LLC, and DOES 1 through 50, inclusive,<br><br>             Defendants. | CASE NO. 3:13-CV-03249 SI<br><br>CLASS ACTION<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Judge:  Hon. Susan Illston |

I, _____, declare and agree as follows:

    1.     My address is _____
_____.

    2.     My present employer is _____
_____
.

    3.     I acknowledge that I may receive information or material, or both, designated as "CONFIDENTIAL" in accordance with the Protective Order ("Order") regarding treatment of Confidential Information entered by the Court in the lawsuit identified in the above caption.

    4.     I have received a copy of that Order and have read it.  I am familiar with its terms and conditions.  I agree to comply with and to be bound by each of the terms and conditions of that Order.  In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

    5.     I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt.  I understand fully that my breach of the Order, or any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

    6.     I agree (a) to notify all stenographic, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, (b) to provide them with a copy of

this declaration for their signature, and (c) to obtain and keep the copy of this declaration after it has been properly signed.

7.      I agree that I will not show, disseminate, or in any way communicate, orally, in writing, or otherwise, to anyone, or use or copy, for any purpose whatsoever, other than as required for the preparation and trial of this action, any Confidential Information provided to me in connection with this litigation, and I will not reveal any Confidential Information to any person who is not a "Qualified Person" as defined in paragraph 7 of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this _____ day of _____, _____, at _____.

Signed:_____

[Proposed] Stipulated Protective Order

15362.0003/2940216.7

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINNS, individually and on behalf of all others similarly situated, | CASE NO. 3:13-CV-03249 SI |
| Plaintiff, | CLASS ACTION |
| vs. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| ADVANCED CLINICAL EMPLOYMENT STAFFING LLC, and DOES 1 through 50, inclusive, | Judge: Hon. Susan Illston |
| Defendants. | |

I, _____, declare and agree as follows:

1    My address is _____
_____.

2.    My present employer is _____
_____

3.    I acknowledge that I may receive information or material, or both, designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with the Protective Order ("Order") regarding treatment of Highly Confidential—Attorneys' Eyes Only Information entered by the Court in the lawsuit identified in the above caption.

4.    I have received a copy of that Order and have read it. I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

5.    I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt. I understand fully that my breach of the Order, or any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

6.    I agree (a) to notify all stenographic, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, (b) to provide them with a copy of

16

this declaration for their signature, and (c) to obtain and keep the copy of this declaration after it has been properly signed.

7.     I agree that I will not show, disseminate, or in any way communicate, orally, in writing, or otherwise, to anyone, or use or copy, for any purpose whatsoever, other than as required for the preparation and trial of this action, any Highly Confidential—Attorneys' Eyes Only Information provided to me in connection with this litigation, and I will not reveal any Highly Confidential—Attorneys' Eyes Only Information to any person who is not a "Qualified Person" as defined in paragraph 8 of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this _____ day of _____, _____, at _____.

Signed:_____

[Proposed] Stipulated Protective Order

15362.0003/2940216.7