IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINNS and KEMBERLY BRIGGS, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>ADVANCED CLINICAL EMPLOYMENT STAFFING LLC,<br><br>  Defendant.<br>_____/ | No. C 13-03249 SI<br><br>**ORDER RE: DISCOVERY** |

The parties have submitted a discovery dispute to the Court. Docket No. 40. Named plaintiffs Marie Minns and Kemberly Briggs are health care providers who worked for defendant Advanced Clinical Employment Staffing, LLC ("ACES"), a temporary services provider that provides "replacement nurses" to its health care provider clients during labor disputes. The third amended complaint alleges, *inter alia*, that during the class period ACES did not compensate the replacement nurses for all time worked, and that the nurses were not authorized and permitted to take rest and meal periods. Plaintiffs bring this lawsuit on behalf of "All present and former ACES employees who were placed to work in California health care facilities on a temporary basis during labor disputes at any time during the four years preceding the filing of this action through such time as this action is pending." TAC ¶ 21.

Plaintiffs seek the name, last known address, phone number, email address and employer number for each putative class member in this wage and hour class action. Plaintiffs assert that this information is necessary to prepare to move for class certification, and they cite a number of cases in which courts have allowed such discovery pre-certification. Defendant objects that plaintiffs have not demonstrated a need for class members' contact information because defendant has produced exemplars of the written policies applicable to the putative class, plaintiff's counsel can interview the two named plaintiffs, and "to the extent Minns has further questions concerning the application of those policies to the putative class, those questions may be answered by depositions of ACES, Defendant Sutter Health Hospitals, the hospitals where the putative class members work, and HRN Services, Inc., the third party vendor which recruited and hired many members of the putative class." Docket No. 40 at 4. Defendant also argues that such discovery violates the privacy rights of the putative class members.

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). "District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

The Court finds that class member contact information is likely to lead to evidence relevant to commonality and typicality, and thus that the discovery sought is appropriate. The Supreme Court has recognized the importance of allowing class counsel to communicate with potential class members for the purpose of gathering information, even prior to class certification. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981); *see also Vinole*, 571 F.3d at 942 ("Although a party seeking class certification

is not always entitled to discovery on the class certification issue, the propriety of a class action cannot be determined in some cases without discovery."); *Doninger v. Pacific Northwest Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir.1977) ("the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to [obtain material through discovery in order to demonstrate] whether a class action was maintainable . . . especially when the information is within the sole possession of the defendant.").

The Court is not persuaded by defendant's argument that the discovery sought is unnecessary. Class members are percipient witnesses who can provide anecdotal evidence about their experiences that likely is not captured in the written discovery produced by defendant and that may differ from the evidence available from defendant's witnesses. The Court also finds no reason to limit the discovery to a sample of putative class members. The Court will therefore exercise its discretion to permit discovery of putative class members' contact information.

Defendant also objects to plaintiff's discovery request on the basis of privacy. The California Supreme Court has held that "[c]ontact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 373 (2007). The disclosure of putative class members' contact information generally "involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches." *Id*. Courts have held that producing discovery pursuant to a protective order is one way to protect the privacy interests of putative class members. *See Pioneer Electronics*, 40 Cal. 4th at 373; *Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186 at *2 (N.D. Cal. June 25, 2013) (noting that "numerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members") (quotations omitted).

Here, the parties have entered into a stipulated protective order to govern the "production of personal, private information, corporate trade secrets or other confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation

3

would be warranted." Docket No. 25. Defendant has not explained why the protective does not address its privacy concerns, and the Court finds that the production of the names and contact information pursuant to the existing protective order adequately addresses class member privacy concerns.

Accordingly, the Court directs defendant to produce the requested class member contact information to plaintiffs by **May 20, 2014**. This order resolves Docket No. 40.

**IT IS SO ORDERED.**

Dated: May 9, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE