United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINNS and KEMBERLY BRIGGS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED CLINICAL EMPLOYMENT STAFFING LLC, SUTTER EAST BAY HOSPITALS dba ALTA BATES SUMMIT MEDICAL CENTER, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. C 13-03249 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' NINTH CAUSE OF ACTION WITHOUT LEAVE TO AMEND** |

Now before the Court is defendant Sutter East Bay Hospitals' motion to dismiss the ninth cause of action in the Fourth Amended Complaint. This motion is scheduled to be heard on June 27, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons below, the Court hereby GRANTS defendant's motion to dismiss without leave to amend.

**BACKGROUND**

Named plaintiffs Marie Minns and Kemberly Briggs are health care providers who worked for defendant Advanced Clinical Employment Staffing, LLC ("ACES"), a temporary services provider that

provides "replacement nurses" to its health care provider clients during labor disputes. The Fourth Amended Complaint ("FAC") alleges that ACES contracted with defendant Sutter East Bay Hospitals ("Sutter") in 2011 to provide temporary employees to the facility during a labor dispute between Sutter and its permanent employees. FAC ¶ 14. The FAC alleges, *inter alia*, that during the class period ACES and Sutter did not compensate the replacement nurses for all time worked, and that the nurses were not authorized and permitted to take rest and meal periods. Plaintiffs bring this lawsuit on behalf of "[a]ll present and former ACES employees who were placed to work in California health care facilities on a temporary basis during labor disputes at any time during the four years preceding the filing of this action through such time as this action is pending." *Id*. ¶ 1.

On April 28, 2014, Sutter filed a motion to dismiss all claims alleged against it. On May 12, 2014, plaintiffs filed an opposition to the motion and filed the FAC. The FAC supplemented plaintiffs' allegations that Sutter and ACES are joint employers and withdrew one claim against Sutter. Sutter's reply concedes that most of the claims in the FAC are now sufficiently alleged against Sutter. However, Sutter contends that plaintiffs have still failed to state a claim against Sutter for "Failure to Provide a Suitable Place to Eat" in the ninth cause of action.

The ninth cause of action alleges a violation of sections 3(H) and 11(C) of Wage Order 5-2001. Sections 3(H) and 11(C) of Wage Order 5-2001 provide:

> (H) If a meal period occurs on a shift beginning or ending at or between the hours of 10 p.m. and 6 a.m., facilities shall be available for securing hot food and drink or for heating food or drink, and a suitable sheltered place shall be provided in which to consume such food or drink.
>
> [...]
>
> (C) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose should be designated.

Industrial Welfare Commission Order No. 5-2001, Cal. Code Regs., tit. 8, §§ 11050, 3(H), 11(C) (2002). The DLSE has defined suitable as "a sheltered place with facilities available for securing hot food and drink or for heating food or drink, and for consuming such food and drink." State of California Department of Industrial Relations, *Meal periods*, Division of Labor Standards Enforcement (July 11, 2012), http://www.dir.ca.gov/dlse/faq_mealperiods.htm. The FAC alleges that defendants violated Wage Order 5-2001 because defendants prohibited replacement nurses from leaving the premises for

2

meal periods, and "there is no [] place on the hospital premises during the night shift from which Replacement Nurses may procure hot food and drink." FAC ¶¶ 75-76.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendant moves to dismiss the ninth cause of action on the ground that Wage Order 5-2001 does not require employers to provide a place for employees to "procure" (or secure) hot food. Defendant argues that under the Wage Order and the DLSE's definition of "suitable," an employer must provide a sheltered place to consume meals, and provide either (1) a facility for securing hot food or

3

1  drink, or (2) a facility for heating food and drink. Defendant contends that the FAC does not allege a
2  violation of the law because providing a facility to secure hot food exceeds the bounds of an employer's
3  meal period obligations to its employees under the statute. Defendant also asserts, and plaintiffs do not
4  dispute, that the hospitals have microwaves in which night shift nurses can heat food.

5  Plaintiffs argue Wage Order 5-2001 provides that when an employee is prohibited from leaving
6  the work site during a meal period, the employer must provide the employee with a "suitable place" to
7  eat. Plaintiffs assert that "[w]hile the definition of suitable is disjunctive, the requirement would be
8  rendered superfluous in the present case if it were read in such a rigid way. After all, the Nurses, who
9  come from around the country, are lodged at hotels with no convenient means to go to a market to
10 purchase food off-shift. In recognition of the Nurses' predicament, the Nurses are provided breakfast
11 and dinner while they are off-shift." Docket No. 60 at 14:5-9.

12 In *Brinker Restaurant Corp. v. Superior Court*, the California Supreme Court established that
13 wage orders promulgated by the Industrial Welfare Commission (IWC) are subject to the usual rules
14 of statutory construction when there is only a question of interpretation remaining for a court to decide.
15 53 Cal. 4th 1004, 1027 (2012). In accordance with the normal rules of statutory interpretation, the
16 analysis of a statute must begin with the text itself to determine whether the statute has a plain and
17 unambiguous meaning. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (2002). Canons of statutory
18 construction also require that courts, when interpreting separate provisions of the same act, must
19 construe the provisions such that the statute as a whole is given a harmonious and consistent meaning.
20 *FDA v. Brown and Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000).

21 The Court concludes that defendant's interpretation is supported by the plain language of
22 provision 3(H) of Wage Order 5-2001 and the DLSE's definition of "suitable." Provision 3(H) states
23 that "[i]f a meal period occurs on a shift beginning or ending at or between the hours of 10 p.m. and 6
24 a.m., facilities shall be available for securing hot food and drink *or* for heating food or drink . . . ."
25 (emphasis added). Similarly, "suitable" is defined as "a sheltered place with facilities available for
26 securing hot food and drink *or* for heating food or drink, and for consuming such food and drink."
27 (emphasis added). "As a general rule, the use of a disjunctive in a statute indicates alternatives and
28 requires that they be treated separately." *Azure v. Morton*, 514 F.2d 897, 900 (9th Cir. 1975). Thus, an

4

employer may comply with Wage Order 5-2001 by either providing a sheltered place with facilities available for securing hot food and drink or by providing a sheltered place with facilities available for heating food or drink.

Plaintiffs acknowledge that the definition of "suitable" is disjunctive, but argue that interpreting the Wage Order as providing alternative methods for compliance would render the requirement meaningless in this case because the replacement nurses who work on the night shift cannot conveniently purchase food off-shift. However, although the Court recognizes that, as a factual matter, the night shift nurses may have difficulty purchasing food that they can heat during their shifts, plaintiffs' interpretation of the Wage Order is not supported by the plain language of that order or the DLSE definition of "suitable," nor have plaintiffs cited any case law adopting their interpretation of the law. Plaintiffs' opposition brief implicitly concedes that the hospitals have microwaves where replacement nurses can heat food during the night shift, and thus the Court finds that leave to amend this claim would be futile. Accordingly, the Court GRANTS defendant's motion to dismiss the ninth cause of action against Sutter.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss plaintiffs' ninth cause of action without leave to amend. Docket No. 51.

**IT IS SO ORDERED.**

Dated: June 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

5