UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINNS, *et al.*,<br><br>             Plaintiffs,<br><br>       v.<br><br>ADVANCED CLINICAL EMPLOYMENT STAFFING LLC, *et al.*,<br><br>             Defendants. | Case No. 13-cv-03249-SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. Nos. 84, 86, 87 |

Currently before the Court are plaintiffs' motions to strike defendants' affirmative defenses. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing scheduled for November 13, 2014. For the reasons set forth below, the Court GRANTS the motions to strike and GRANTS defendants leave to file amended answers. The amended answers shall be filed by **November 21, 2014**.

**BACKGROUND**

Named plaintiffs Marie Minns, Kemberly Briggs, and Douglas Cameron are health care providers who worked for defendant Advanced Clinical Employment Staffing, LLC ("ACES"), a temporary services provider that provides "replacement nurses" to its health care provider clients during labor disputes. The Fifth Amended Complaint ("FAC") alleges that ACES contracted with defendant Sutter East Bay Hospitals ("Sutter") in 2011 to provide temporary employees to the facility during a labor dispute between Sutter and its permanent employees. FAC ¶ 16. The FAC

also alleges that defendant HRN Services Inc. ("HRN") contracted with ACES to provide nurses to ACES to assist ACES in meeting Sutter's personnel needs. FAC ¶ 15. The FAC alleges, *inter alia*, that during the class period defendants ACES, Sutter, and HRN did not compensate the replacement nurses for all time worked, did not compensate the replacement nurses in a timely manner, and that the replacement nurses were not authorized and permitted to take rest and meal periods. FAC ¶ 3. Plaintiffs bring this lawsuit on behalf of "themselves and all other nurses who were placed to work by ACES in California health care facilities during labor disputes at any time during the four years preceding the filing of this action through such time as this action is pending." FAC ¶ 1.

On September 8, 2014, defendant Sutter filed its answer to the FAC; the answer contained twenty-five affirmative defenses. Docket No. 80. On September 14, 2014, defendants HRN and ACES filed their answers to the FAC, with HRN alleging sixty-one affirmative defenses and ACES alleging thirty-six affirmative defenses. Docket Nos. 81 & 82. On September 30, 2014, plaintiffs moved to strike defendant Sutter's affirmative defenses contending that all of them were insufficiently plead under the *Twombly/Iqbal* standard, a number of them were actually denials disguised as affirmative defenses, and that others were not affirmative defenses at all. Docket No. 84, Motion to Strike. On October 3, 2014, plaintiffs moved to strike the affirmative defenses of defendants HRN and ACES for the same reasons. Docket Nos. 86 & 87. Defendant ACES filed a non-opposition to plaintiff's motion to strike; accordingly the Court GRANTS plaintiff's motion to strike all of defendant ACES' affirmative defenses with leave to amend. Defendants Sutter and HRN filed their oppositions to plaintiffs' motions to strike on October 14 and 17, 2014, respectively. Docket Nos. 91 & 92. In its opposition, defendant Sutter withdrew a number of its affirmative defenses.[1] This order will only address the affirmative defenses that remain at issue.

---

[1] Sutter has withdrawn its third, fourth, sixth, tenth, eighteenth, twentieth, twenty-fourth, and

## LEGAL STANDARD

An answer must "state in short and plain terms" the defenses to each claim asserted against the defendant in order to provide plaintiffs with fair notice of the defense(s). Fed.R.Civ.P. 8(b)(1)(A). Under Federal Rule of Civil Procedure 8(c), an "'affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.'" *Barnes v. AT & T Pension Benefit Plan–Nonbargained Program,* 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) (quoting *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3 (6th Cir. 1997)). Defendants bear the burden of proof for affirmative defenses. *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A defense may be insufficient "as a matter of pleading or as a matter of substance." *Security People, Inc. v. Classic Woodworking, LLC*, No. C–04–3133 MMC, 2005 WL 645592, at *1 (N.D. Cal. Mar. 4, 2005). An insufficiently pled defense fails to comply with Rule 8 pleading requirements by not providing "plaintiff [with] fair notice of the nature of the defense" and the grounds upon which it rests. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)); *see generally* Fed.R.Civ.P. 8. "A showing of prejudice is not required to strike an 'insufficient' portion of the pleading as opposed to 'redundant, immaterial, impertinent, or scandalous matter' under Rule 12(f)." *Bottoni v. Sallie Mae, Inc.*, No. C 10-03602 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011) (citation omitted). Nonetheless, "the obligation to conduct expensive and potentially

---

twenty-fifth affirmative defenses. Accordingly, the Court GRANTS plaintiffs' motion to strike Sutter's third, fourth, sixth, tenth, eighteenth, twentieth, and twenty-fourth affirmative defenses without leave to amend. The Court GRANTS plaintiffs' motion to strike Sutter's twenty-fifth affirmative defense with leave to amend.

unnecessary and irrelevant discovery is a prejudice." *Id.* However, motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D.Cal.2001). When a claim is stricken, "leave to amend should be freely given" so long as no prejudice results against the opposing party. *Wyshak*, 607 F.2d at 826.

## DISCUSSION

**I.     Affirmative Defenses Lacking Specificity Pursuant to *Twombly/Iqbal***

Plaintiffs move to strike a number of defendants' affirmative defenses for failure to comply with the pleading standards set forth by the Supreme Court in *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 5662 (2009). Although the Ninth Circuit has yet to rule on the issue, the majority of district courts have required affirmative defenses to meet the heightened pleading standard dictated by the Supreme Court in *Twombly* and *Iqbal*. *See, e.g.*, *CTF Dev. Inc. v. Penta Hospitality*, LLC, No. C 09–02429, 2009 WL 3517617, at *7–8 (N.D. Cal. Oct. 26, 2009) (requiring defendants "to proffer sufficient facts and law to support an affirmative defense"); *see also Barnes*, 718 F. Supp. 2d at 1171–72(finding there is "no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses"); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649–50 (D. Kan. 2009) (noting extensive list of cases in which district courts applied *Twombly* and *Iqbal* to affirmative defenses). Applying a heightened standard to affirmative defenses also "weed[s] out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes*, 718 F. Supp. 2d at 1172. This Court agrees with the majority of district courts, and applies the heightened *Twombly/Iqbal* pleading standard to affirmative defenses.

Applying this standard, the Court concludes that Sutter's second, fifth, seventh, ninth, eleventh through seventeenth, nineteenth, and twenty-first through twenty-third affirmative

4

defenses fail on their face. Not only are the defenses stated as conclusions and devoid of supporting facts indicating plausibility, but many are redundant. None of these affirmative defenses, as stated, is targeted to this specific case or tethered to any facts. The defenses do not provide plaintiffs with fair notice, and therefore are deficient.

For example, Sutter's second affirmative defense alleges, "The travel time and waiting time at issue in Plaintiff's Complaint are non-compensable by virtue of the provisions of the Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251262, including in particular Section 4 of that Act, 29 U.S.C. § 254, as interpreted by the courts." Docket No. 80. This affirmative defense is merely a legal conclusion devoid of any supporting facts. Similarly, Sutter's fifth affirmative defense states, "Certain of the allegedly-unpaid time at issue in the Complaint falls within the de minimis doctrine and thus is not compensable." *Id.* These two examples are illustrative of the conclusory nature of the affirmative defenses at issue. Accordingly, the motion to strike Sutter's second, fifth, seventh, ninth, eleventh through seventeenth, nineteenth, and twenty-first through twenty-third affirmative defenses is GRANTED with leave to amend.

Similarly, plaintiff has moved to strike defendant HRN's second, seventh through ninth, eleventh through seventeenth, nineteenth, twenty-first through twenty-third, twenty-fifth through twenty-ninth, thirty-second through thirty-sixth, thirty-eighth through fortieth, forty-fifth through forty-eighth, fifty-first, fifty-second, fifty-fourth, fifty-fifth, fifty-seventh, fifty-eighth, and sixtieth affirmative defenses as insufficiently pled under the *Twombly*/*Iqbal* pleading standard. For the same reasons stated above with regard to Sutter's insufficiently pled affirmative defenses, the Court finds that defendant HRN's affirmative defenses do not meet the *Twombly*/*Iqbal* standard. Accordingly, the Court strikes these affirmative defenses with leave to amend.

## II. Not Proper Affirmative Defenses

Plaintiffs argue that Sutter's and HRN's first affirmative defenses for failure to state a

claim, and HRN's forty-first (ambiguity), forty-second (attorney's fees), and forty-fourth (restitution) affirmative defenses are not properly categorized as affirmative defenses. Docket Nos. 95 & 96. Plaintiffs are correct. "[F]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case." *Barnes*, 718 F. Supp. 2d at 1174; *E.E.O.C. v. Interstate Hotels*, LLC, No. C 04-04092 WHA, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005) (failure to state a claim is not an affirmative defense). Similarly, HRN's forty-first affirmative defense merely states that plaintiffs do "not describe the claims against HRN with sufficient particularity and certainty to enable HRN to determine what defenses exist," and HRN's forty-second and forty-fourth affirmative defenses assert that plaintiffs have not pled facts that establish a claim to attorney's fees or restitution. These are just different ways of saying that plaintiffs have failed to state a claim for relief. The Court finds that these defenses are not proper affirmative defenses and therefore that they should be stricken from Sutter and HRN's answers.[2]

### III.   HRN's Denials Pled as Affirmative Defenses

Plaintiffs contend that HRN's third through sixth, tenth, thirtieth, thirty-first, forty-third, forty-ninth, fiftieth, fifty-third, fifty-sixth, and fifty-ninth affirmative defenses, are actually denials disguised as affirmative defenses, and therefore should be stricken. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also Barnes*, 718 F. Supp. 2d at 1174 ("it is curious that defendant asserts as affirmative defenses that which it need not prove.").

The Court agrees with plaintiffs that the challenged affirmative defenses simply assert that

---

[2] Plaintiffs also correctly note that "[a]n attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Solis v. Zenith Capital, LLC*, C 08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009). Accordingly, the Court GRANTS plaintiffs' motion to strike HRN's sixty-first affirmative defense as an improper affirmative defense. The Court also GRANTS plaintiff's motion to strike HRN's sixtieth affirmative defense without leave to amend, as it is merely a request to incorporate the other defendants' affirmative defense, and therefore is not a proper affirmative defense.

6

plaintiffs cannot prove various elements of their claims. The third affirmative defense is typical. That defense alleges, "HRN did not deny meal breaks to Plaintiffs or putative class members, and any failure to take a meal breaks [sic] was due to their own knowing and voluntary choice and not due to any act or omission by HRN." Docket No. 82, HRN Answer at14.  It is plaintiffs' burden to prove that defendants denied meal breaks, and thus asserting that defendant provided meal breaks is not an appropriate affirmative defense.  Accordingly, the motion to strike HRN's third through sixth, tenth, thirtieth, thirty-first, forty-third, forty-ninth, fiftieth, fifty-third, fifty-sixth, and fifty-ninth affirmative defenses is GRANTED without leave to amend.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to strike defendant Sutter's first, third, fourth, sixth, tenth, eighteenth, twentieth, and twenty-fourth affirmative defenses without leave to amend; GRANTS plaintiffs' motion to strike Sutter's second, fifth, seventh, ninth, eleventh through seventeenth, nineteenth, and twenty-first through twenty-third affirmative defenses with leave to amend; and GRANTS plaintiffs' motion to strike Sutter's twenty-fifth affirmative defense with leave to amend in the event that plaintiff asserts a claim that makes it an applicable affirmative defense.

Similarly, the Court hereby GRANTS plaintiffs' motion to strike defendant HRN's first, third, fourth, fifth, sixth, tenth, thirtieth, thirty-first, forty-first through forty-fourth, forty-ninth, fiftieth, fifty-third, fifty-sixth, fifty-ninth, sixtieth, and sixty-first affirmative defenses without leave to amend; and GRANTS plaintiffs' motion to strike HRN's second, seventh through ninth, eleventh through seventeenth, nineteenth, twenty-first through twenty-third, twenty-fifth through twenty-ninth, thirty-second through thirty-sixth, thirty-eighth through fortieth, forty-fifth through forty-eighth, fifty-first, fifty-second, fifty-fourth, fifty-fifth, fifty-seventh, and fifty-eighth, affirmative defenses with leave to amend.

Lastly, the Court GRANTS plaintiffs' motion to strike all of ACES' affirmative defenses with leave to amend. Defendants must file any amended answers no later than **November 21, 2014**.

**IT IS SO ORDERED**.

Dated: November 10, 2014

_____
SUSAN ILLSTON
United States District Judge