UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIE MINNS, *et al.*,

    Plaintiffs,

v.

ADVANCED CLINICAL EMPLOYMENT STAFFING LLC, *et al.*,

    Defendants.

Case No. 13-cv-03249-SI

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Re: Dkt. No. 124

Plaintiffs' motion for partial summary judgment is scheduled for a hearing on August 7, 2015. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. **The case management conference scheduled for 3:30 p.m. on August 7, 2015 remains on calendar**. For the reasons set forth below, the Court DENIES plaintiffs' motion for partial summary judgment.

**DISCUSSION**

Plaintiffs move for partial summary judgment of the sixth cause of action as stated in the fifth amended complaint. That cause of action alleges that ACES is a "temporary services employer" and that ACES failed to pay plaintiffs and other ACES employees on a daily basis as required by California Labor Code section 201.3(b)(3).

California Labor Code section 201.3(b)(3) provides that "[i]f an employee of a temporary services employer is assigned to work for a client engaged in a trade dispute, that employee's wages are due and payable at the end of each day, regardless of when the assignment ends." Cal. Lab. Code § 201.3(b)(3). It is undisputed that prior to the May 2013 strike, ACES did not pay

plaintiffs wages on a daily basis. However, the parties dispute whether ACES is a "temporary services employer." California Labor Code section 201.3(a)(1) defines a "temporary services employer" as "an employing unit that contracts with clients or customers to supply workers to perform services for the clients or customers and that performs all of the following functions:

> (A) Negotiates with clients and customers for matters such as the time and place where the services are to be provided, the type of work, the working conditions, and the quality and price of the services.
>
> (B) Determines assignments or reassignments of workers, even if workers retain the right to refuse specific assignments.
>
> (C) Retains the authority to assign or reassign a worker to another client or customer when the worker is determined unacceptable by a specific client or customer.
>
> (D) Assigns or reassigns workers to perform services for clients or customers.
>
> (E) Sets the rate of pay of workers, whether or not through negotiation.
>
> (F) Pays workers from its own account or accounts.
>
> (G) Retains the right to hire and terminate workers."

Cal. Lab. Code § 201.3(a)(1). The parties dispute whether ACES "[r]etains the authority to assign or reassign a worker to another client or customer when the worker is determined unacceptable by a specific client or customer," and whether ACES "[d]etermines assignments or reassignments of workers, even if workers retain the right to refuse specific assignments." The parties also dispute whether section 201.3 is preempted by the National Labor Relations Act pursuant to *Machinists v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132 (1976), a question that the Court need only reach if ACES is subject to section 201.3.

The Court concludes that there are disputes of fact that cannot be resolved on summary judgment.[1] ACES contends, *inter alia*, that it did not retain the authority to reassign a nurse to

---

[1] Plaintiffs assert that because "this Court will be the ultimate trier of fact regarding Plaintiffs' sixth cause of action, the Court should draw whatever reasonable inferences and conclusions it can from the evidence and rule on Plaintiffs' motion notwithstanding any factual dispute." Dkt. 124 at 5:2-5. However, while plaintiffs are correct that where "the evidentiary facts are not disputed, a court in a nonjury case may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions[,]"*Matter of Placid Oil Co*., 932 F2d 394, 398 (5th Cir. 1991), here, there are material disputes of fact such that a trial on the merits will aid

another ACES client in the event that Sutter determined that a particular strike replacement nurse was unacceptable. ACES has submitted the declaration of Regina Alcorn, one of the ACES Directors of Clinical Operations. She states that "ACES has not entered and does not enter into contracts with healthcare workers authorizing ACES to assign the worker to multiple ACES clients" and that "[i]f any nurse was unacceptable to Sutter Health, ACES's only options were to attempt to negotiate a new contract with the nurse if another potential opportunity was available to him or her or, much more commonly, send the nurse home." Allcorn Decl., ¶¶ 3, 5. Plaintiffs assert that notwithstanding Alcorn's testimony, ACES retained the authority to reassign nurses, even if ACES did not exercise that authority. In their reply brief, plaintiffs cite language in the contract between ACES and Sutter which states that "Supplier shall have the right to hire, supervise . . . promote or demote, reassign . . . the Supplied Employees." Gildor Decl.. Ex. 2 at § 3.1(e). As this language was first cited in the reply, defendant's opposition did not address this specific argument.

      The Court finds that a fuller factual record is necessary to resolve the issues presented by plaintiffs' motion. Accordingly, the Court DENIES plaintiffs' motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: August 5, 2015

_____
SUSAN ILLSTON
United States District Judge

---

this Court in determining whether ACES is a "temporary services employer."

3